### McFARLAND v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2278. Decided March 17, 1933

Robert Azar, Akron, and Donald Gott-wald, Akron, for plaintiff in error.

Ray B. Watters, Pros. Atty., Akron, for defendant in error.

**WASHBURN, PJ.**

The evidence was not confined to the defendant's transactions with the barbers named in the indictment, but included several similar transactions with other barbers, in an attempt to show that refusal or neglect to join said organization and comply with suggestions of the defendant were followed with acts of vandalism against those so refusing, and it is urged that the admission of evidence of claimed similar transactions was prejudicial error.

As to this claim, we hold that the trans-

actions with others, as to which the court permitted evidence, were similar, and that the evidence was competent for the purposes for which it was admitted (§13444-19 GC and Beckman v State, 122 Oh St 443), and that the trial judge repeatedly explained to the jury during the trial that such evidence was admissible for certain purposes only, and carefully and repeatedly cautioned the jury not to consider such evidence for any other purpose, and that in reference to said matter the rights of the defendant were properly protected at the time of the admission of such evidence.

Witnesses testified to statements made by the defendant which, under all the circumstances shown by the record, the jury would be justified in interpreting as a threat or menace, and the defendant flatly denied making such statements. The finding of the jury that he did make such statements is not manifestly against the weight of the evidence; on the contrary, we find that the weight of the evidence is in support of the finding of the jury.

It is also urged that there was no evidence that the defendant demanded money or that certain things be done.

If the jury disbelieved his denial and believed that he said what the witnesses testified he said, then his saying what he did say, under the then existing conditions and circumstances, constituted ample evidence of demand for money and that certain things be done.

Under certain circumstances, well known to both parties, a demand may be couched in mild language and still be intended and understood as a demand.

So far as this case is concerned, the statute (§13384 GC) which it was claimed the defendant violated, provides that "Whoever, with menaces * * * demands of another * * * money * * * with intent to extort * * * money * * * or * * * to compel him to do an act against his will" shall be punished as therein provided.

The indictment in this case, while very inartificially worded, charged the defendant with saying to one of the barbers mentioned in the indictment that if he increased the price of his barber services he would not be bothered, which, under the circumstances shown, plainly implied an intention "to compel him to do an act against his will," and the indictment charges that by menaces the defendant demanded money of the person menaced, with intent to extort money from him, but the indictment does not directly charge in the words of the statute that the defendant's intention was to com-

pel the person menaced "to do an act against his will."

In one part of the charge of the court, the trial judge referred to the indictment as though it contained the direct charge in the words of the statute that the defendant's intention was to compel the person menaced "to do an act against his will," and it is urged that by so doing the court committed prejudicial error.

In view of the fact that the indictment directly charged an intention to extort, and the further fact that to exort money from a person includes making such person act against his will, and in view of the fact that in this case the intention to extort from the person menaced and to compel him to do an act against his will was shown by the same evidence and arose out of the same transaction and were inseparably connected, we hold that there was no prejudicial error in the trial judge charging as he did.

It is also claimed that in the general charge the court failed to properly instruct the jury not to consider the evidence as to similar transactions until after they found from other evidence that the defendant had committed the acts charged in the indictment.

We must assume that the part of the charge on that subject has been correctly transcribed in the record, and it is apparent that as set forth it is not as clear and direct as might be desired; but in view of what the court said in admonishing the jury as to such evidence during the trial, and in view of the fact that the omission now claimed was not called to the attention of the trial court, we find no prejudicial error in the respect claimed in the general charge of the court.

Whether the defendant's activities were motivated by the innocent and laudable purposes claimed by him or whether his organization was a mere cloak to conceal his real purpose to extort money by contemptible means which ought not to be tolerated in a free country, was a question for the jury to determine.

We think that throughout the trial the rights of the defendant were fully and adequately protected by the court and that the defendant had a fair trial.

FUNK and STEVENS, JJ, concur in judgment.